UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY MEDINA,

                Plaintiffs,

      v.

NEW YORK STATE DEPARTMENT
OF CORRECTIONS AND COMMUNITY
SUPERVISION et al.,

                Defendants.
_____

ORDER

13-CV-6384G

On July 26, 2013, Anthony Medina ("Medina") commenced this action *pro se* against the New York State Department of Corrections and Community Supervision ("DOCCS") and various individual corrections officers ("defendants") alleging constitutional and statutory violations arising out of his incarceration at the Wende Correctional Facility in Alden, New York.  (Docket # 1).  Currently pending before this Court is Medina's motion for appointment of counsel.[1]  (Docket # 5).  In the motion, Medina describes his physical limitations, including impaired eyesight and difficulties grasping writing utensils, which he contends impairs his ability to effectively prosecute his claims without assistance.  (*Id.*).  The defendants do not oppose Medina's request for appointment of counsel.  (Docket # 13 at ¶ 6).

It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C.

---

[1] Medina's motion requests appointment of a "guardian ad litem" or, in the alternative, that DOCCS be directed to assign Medina "an ancilla and amanuensis" to assist Medina with the prosecution of this matter.  (Docket # 5 at 27).  This Court held a conference with the parties on March 4, 2014.  During that conference, Medina informed the Court that his motion should be interpreted, in the alternative, as a request for appointment of counsel.

§ 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). In an unrelated case, the Second Circuit recently determined that appointment of counsel for Medina was appropriate in view of his physical and mental health limitations. *Medina v. Napoli*, 2014 WL 552657, *1 (2d Cir. 2014). Having reviewed the facts presented herein in light of the factors required by law and pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, I conclude that

Medina's limitations present sufficient special circumstances to justify appointment of counsel to assist Medina with the prosecution of his claims.

For these reasons, Medina's request for appointment of counsel **(Docket # 5)** is **GRANTED**.  The Court hereby directs the *Pro Se* Clerk to identify an attorney who is willing to represent Medina with the litigation of this matter and to advise this Court when *pro bono* counsel has been identified.

**IT IS SO ORDERED.**

                *s/Marian W. Payson*
                MARIAN W. PAYSON
                United States Magistrate Judge

Dated: Rochester, New York
    March   5  , 2014